IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ABDULBAQI MUSTAFA MOHAMMED, et. al., </br></br>　　　　Plaintiffs, </br></br>-vs- </br></br>ALBERTO GONZALES, et.al., </br></br>　　　　Defendants. | **CASE NO. CV 07-111-MHW** </br></br>**MEMORANDUM DECISION AND ORDER** |

　　　　Plaintiffs Abdulbaqi Mohammed, Fatima Wahbi, Mahdia Hussain, Majid Muhamad, Mustafa Abdulbaqi, and Salah Mustafa ("Plaintiffs") bring this lawsuit against various United States officials (collectively, "Defendants") asserting that because the United States Citizenship and Naturalization Service ("USCIS") did not issue decisions regarding their naturalization applications within 120 days of their examinations, this Court should assume jurisdiction and adjudicate their applications pursuant to their request for summary judgment.  Docket No. 9. Defendants filed a motion to remand in response, asserting that the background checks had not been completed and therefore summary judgment should be denied, and requested a remand to USCIS for a determination.  Docket No. 10.

**Memorandum Decision and Order - Page 1**

# I.
# Background

There is no dispute concerning the relevant facts. Plaintiffs are all natives of Iraq and lawful permanent residents of the United States for the previous five years.[1] Each Plaintiff filed an application for naturalization, and all were interviewed on various dates between July 25, 2003 and September 29, 2005. Mem. in Response at 2, Docket No. 10. Plaintiffs passed the English and civics examination, but the USCIS did not approve any of Plaintiffs' applications following their respective examinations because their background and security checks had not been completed. Mem. in Response at 3, Docket No. 10. Only one component of Plaintiffs' background checks, the FBI name check, remains incomplete. Cannon Decl., Docket No. 14.

Because they received no information regarding their naturalization applications following their respective examinations, Plaintiffs filed a complaint on March 3, 2007, under 8 U.S.C. § 1447(b). Section 1447(b) states that if a determination has not been made within 120 days of an applicant's examination, the applicant may bring an action in federal district court. The district court "may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." 8 U.S.C. § 1447(b); *see also United States v. Hovsepian*, 359 F.3d 1144, 1160–61 (9th Cir. 2004).

---

[1] Abdulbaqi Mohammed became a permanent resident on August 2, 1999; Fatima Wahbi became a permanent resident on July 26, 2000; Mahdia Hussain became a permanent resident on July 26, 2000; Majid Muhamad became a permanent resident on October 24, 2999; Mustafa Abdulbaqi became a permanent resident on July 26, 2000; and Salah Mustafa became a permanent resident on July 10, 1998. Mem. at 2 n.1, Docket No. 9; Affidavits at ¶ 1. At the hearing, Plaintiffs represented that they were Kurds who had fled Iraq to avoid persecution by the former regime of Saddam Hussein.

**Memorandum Decision and Order - Page 2**

## II.
## Discussion

**A.     The Court Has Subject Matter Jurisdiction.**

Defendants' motion to supplement, (Docket No. 17), interjected late into the briefing, argued that the Court lacked jurisdiction to decide the matter. Central to the dispute over subject matter jurisdiction is 8 U.S.C. § 1447(b), which states:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

Plaintiffs contend that the 120-day period begins to run on the date of their respective examinations, a single event, all of which occurred more than two years prior to filing of the complaint. Defendants rely upon *Walji v. Gonzales*, 489 F.3d 738 (5th Cir. 2007), which holds that when the examination occurs before the background checks are complete, the 120-day period does not begin to run until after the results of the background checks are submitted.

The Court agrees that *Walji* is not persuasive precedent binding upon this Court, and that it has jurisdiction under these circumstances. *Sacirovic v. Gonzales*, No. CV 07-132-LMB, slip op. at 5 (D. Idaho Oct. 12, 2007); *Ali Al-Lati v. Gonzales*, No. CV 07-218-EJL, slip op. at 2 (D. Idaho Aug. 3, 2007). In *Sacirovic*, the Court noted that the majority of district courts, including the Ninth Circuit Court of Appeals, have rejected Defendants' position and determined that the "examination" is a discrete event. *Sacirovic*, slip op. at 4 (citing, among others, *Hovsepian v. United States*, 359 F.3d 1144, 1151 (9th Cir. 2004)). The failure to complete the background

**Memorandum Decision and Order - Page 3**

check within 120 days of the examination does not waive the requirement to do so prior to naturalization. *Ali Al-Lati*, slip op. at 2 (citing *Stepchuk v. Gonzales*, 2006 WL 3361776 at *5 (W.D. Wash. Nov. 17, 2006). The Court therefore obtains jurisdiction over a naturalization application when the USCIS has not made a decision within 120 days of the applicant's interview.

In this case, the last date an examination occurred with respect to all Plaintiffs was September 29, 2005. All of Plaintiffs' examinations therefore occurred more than 120 days prior to the filing of the Complaint on March 3, 2007. Plaintiffs have met the requirement of 8 U.S.C. § 1447(b), and the Court has subject matter jurisdiction to decide the issues raised by Plaintiffs' motion for summary judgment.

B.   **Plaintiffs' Motion for Summary Judgment.**

1.   **Summary Judgment Standards.**

Fed. R. Civ. P. 56 provides, in pertinent part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the moving party meets the requirement of Rule 56 by either showing that no genuine issue of material fact remains or that there is an absence of evidence to support the non-moving party's case, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). It is not enough for the [non-moving] party to "rest on mere allegations or denials of his pleadings." *Anderson*, 477 U.S. at 256. Genuine factual issues must exist that "can be resolved only by a

**Memorandum Decision and Order - Page 4**

finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

> 2. **Summary Judgment is Precluded.**

Plaintiffs contend they have established the right to relief under 8 U.S.C. § 1447(b) and the corresponding federal regulations, and that Defendants have not established a genuine issue of material fact to defeat summary judgment. Plaintiffs argue the failure to complete the FBI name check as part of Plaintiffs' background check does not create a disputed material fact concerning Plaintiffs' good moral character. Defendants counter that the FBI name check is a required element of the USCIS background check, and it is part of the determination for eligibility for naturalization. Without the name check, Defendants assert neither the Court nor USCIS is able to complete the necessary background investigation.

In *Ali Al-Lati v. Gonzales*, No. CV 07-218-S-EJL (D. Idaho Aug. 3, 2007), Judge Lodge considered whether to assume jurisdiction and remand a naturalization appeal under 8 U.S.C. § 1447(b). Plaintiff, an Iraqi citizen, argued he had satisfied all the requirements for naturalization. The Court rejected Plaintiff's contention that a name check was not a proper part of the background and security checks, disagreed that the failure to complete the background check within 120 days of his examination constituted a waiver of the right to conduct a check, and remanded the action for a "prompt resolution." *Ali Al-Lati*, slip. op. at 2–3.[2]

---

[2] Since the decision in *Ali Al-Lati*, Judge Boyle issued a decision in *Sacirovic v. Gonzales*, No. CV 07-132-LMB (D. Idaho Oct. 12, 2007). In that decision deciding the same issues as in *Ali Al-Lati*, the court remanded the matter and noted that "the Court is not required to adjudicate Plaintiff's naturalization petition." *Sacirovic*, slip. op. at 5.

**Memorandum Decision and Order - Page 5**

Contrary to Plaintiffs' assertion, the FBI name check is an integral part of the required criminal background check that must be completed prior to a naturalization determination. 8 C.F.R. § 335.2(b) sets forth a non-exhaustive list regarding what constitutes a full criminal background check. *See Stepchuck v. Gonzales*, No. CV 06-570, 2007 WL 184013 *2 (W.D. Wash. Jan. 18, 2007) (finding the list in 8 C.F.R. § 335.2(b) to be non-exclusive, and that an FBI name check may be considered part of the background requirement). According to USCIS procedures, the FBI name check has been a background check component since 2002 due to heightened security measures. Mather Decl. ¶ 2, Ex. A, Mem. in Response, Docket No. 10; Cannon Decl. at 6–7, Docket No. 14. Given this conclusion, a disputed issue of material fact exists whether plaintiffs' "full criminal background check" has been completed and whether Plaintiffs are eligible for naturalization. *Stepchuck*, 2007 WL 184013 at *2 (denying summary judgment because in the absence of a completed name check, a disputed issue of fact existed whether a full background check had been completed). This Court is not in a position to oversee Plaintiffs' background investigation, and will therefore deny Plaintiffs' motion for summary judgment.

C.     **Defendants' Motion to Remand.**

Section 1447(b) grants the Court the option to either determine the matter or remand the matter with appropriate instructions. 8 U.S.C. § 1447(b). For the reasons expressed in *Sacirovic* and *Ali Al-Lati*, remand is appropriate in this matter. Plaintiffs have not established egregious or abusive circumstances other than mere delay. *See Ghazal v. Gonzales*, 2007 WL 1971944, slip op. at *3 (S.D. Cal. June 14, 2007) ("When the delay in the decision results from the FBI's investigative process, this court finds it is inappropriate to make a citizenship determination

**Memorandum Decision and Order - Page 6**

before that information is known, absent abusive or egregious circumstances not present on this record . . . . To do otherwise, 'we would be improvidently bypassing the agency's expertise in immigration matters committed in the first instance to the agency.'"), *cited in Sacirovic*, slip op. at 6 n.4.  Under the circumstances present here, when delay processing the background check is the only cause for failure to issue a determination, deference should be given to the expertise of USCIS.  *Sacirovic*, slip op. at 6 (citing *Penalosa v. United States Citizenship & Immigration Servs.*, 2007 WL 2462118, slip op. at *2 (S.D. Cal. Aug. 28, 2007)).

Plaintiffs' collective desire to become American citizens is understandable, but unfortunately, post-911 delays of this nature are inevitable in light of heightened security concerns.  *Sacirovic*, slip op. at 8 (citing *El-Daour v. Chertoff*, 417 F. Supp. 2d 679, 683 (W.D. Pa. 2005).  Accordingly, the Court will remand this matter for a prompt resolution once the background and security checks have been completed.

### ORDER

Based on the foregoing, the Court being otherwise fully advised in the premises, **IT IS HEREBY ORDERED that:**

1) Plaintiffs' Motion for Summary Judgment (Docket No. 9) is DENIED;

2) Defendants' Motion to Remand (Docket No. 13) is GRANTED, and pursuant to 8 U.S.C. § 1447(b), the matter is remanded to the USCIS to expedite, to the extent possible, the completion of the background and security checks and to promptly resolve the matter upon receipt of those results;

3) Defendants shall file a written status report with the Court within ninety (90) days as to the progress of the background and security checks; and

4) Each party shall bear its own fees and costs.

DATED: November 27, 2007

Honorable Mikel H. Williams
Chief United States Magistrate Judge